IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MI REALTY, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00368 |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | |

## DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE U.S. DISTRICT COURT:

Atlantic Casualty Insurance Company files this Notice of Removal per 28 U.S.C. § 1441 and respectfully shows the Court the following:

## I.
## INTRODUCTION

1. MI Realty, LLC filed this action in the 68th District Court, Dallas, County, Texas on January 20, 2021. Atlantic Casualty timely files this Notice of Removal within 30 days from the date that it received service of MI Realty's initial pleading. 28 U.S.C. § 1446(b). Venue is proper in this district and division because the 68th District Court, Dallas County, Texas, is located in this district and division. 28 U.S.C. § 1441(a).

2. This action is removable because there is complete diversity of citizenship between MI Realty and Atlantic Casualty and MI Realty seeks monetary relief over $75,000.00, exclusive of interest and costs. Hence, this Court possesses subject-matter jurisdiction over this action. 28 U.S.C. § 1332(a).

3.      Atlantic Casualty is filing a copy of this Notice of Removal with the clerk of the 68th District Court, Dallas County, Texas, where MI Realty originally filed this action.

## II.
## BACKGROUND

4.      Atlantic Casualty issued to MI Realty a commercial property insurance policy numbered P181000145-0, effective 07/24/2019 to 07/24/2020 (the Policy).

5.      This removed action is an insurance dispute between MI Realty and Atlantic Casualty regarding first-party coverage for reported damages to two warehouse buildings that allegedly occurred on October 20, 2019. MI Realty alleges that its buildings—located at 2939 Anode Lane, Dallas, Texas 75220 and 2955 Anode Lane, Dallas, Texas 75220 (collectively, the Property)—sustained damages to the interior, exterior, and roofs, as a result of a weather event on October 20, 2019. MI Realty made a claim for damages via a notice of loss filed on October 22, 2019 with Atlantic Casualty.

6.      On October 23, 2019, Atlantic Casualty began investigation of the claim when it assigned the claim to Cross Claims Service, Inc. adjusting company (Cross Claims) for investigation. Cross Claims conducted an investigation on October 26, 2019.

7.      On October 31, 2019, MI Realty entered an agreement with Public Adjuster (PA) Don Lamont to pursue its October 22nd claim made with Atlantic Casualty.

8.      On or about December 4, 2019, Atlantic Casualty retained structural engineer experts with Vertex to assist in its ongoing investigation of the MI Realty's claim and to prepare a cost estimate.

9.      On December 19, 2019, Vertex Engineers Matthew Quigley and Eliah Kim conducted an inspection of the Property along with PA Lamont and Lamont's consultant, Dale Acord.

10.     On April 2, 2020, Vertex Engineer Kim and PA Lamont conducted a reinspection of the Property.

11.     On April 4, 2020, Atlantic Casualty issued two checks to MI Realty, per two Sworn Statements in Proof of Loss signed by Belen Ortiz on March 31, 2020: checks were issued in the amount of (1) $151,785.71 for 2939 Anode Lane and (2) $103,639.08 for 2955 Anode Lane.

12.     On June 12, 2020, Atlantic Casualty issued two additional checks to MI Realty, per two additional Sworn Statements in Proof of Loss signed by Belen Ortiz on May 27, 2020: checks were issued in the amount of (1) $9,366.43 for 2939 Anode Lane and (2) $20,639.80 for 2955 Anode Lane.

13.     On or about June 19, 2020, MI Realty invoked appraisal in writing pursuant to the Policy and appointed Brian Haden with Haden Claims Services (HCS) as its chosen appraiser. Atlantic Casualty subsequently appointed independent appraiser Matthew Bonine, then with Envista Forensics and now with U.S. Building Consulting Group (USBCG), to conduct an independent appraisal.

14. Ultimately, this action is before the Court because HCS and USBCG cannot agree on estimates or selection of an umpire to resolve the differences between the estimates.

15. HCS estimates $1,969,175.96 in Replacement Cost Value (RCV) of building repair damages for the insured building located at 2939 Anode Lane, and $1,143,254.48 in RCV for the insured building located at 2955 Anode Lane. HCS's estimates total $3,112,430.44.

16. USBCG estimates $460,094.11 in RCV for the insured building located at 2939 Anode Lane, and $317,202.01 in RCV for the insured building located at 2955 Anode Lane. USBCG's estimates total $777,296.12.

17. The total difference between HSC's and USBCG's estimates is $2,335,134.32.

### III.
### BASIS FOR REMOVAL

18. Removal is proper under 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446 because MI Realty's and Atlantic Casualty's citizenship is completely diverse and the amount in controversy exceeds $75,000.

**A. MI Realty and Atlantic Casualty have diverse citizenship.**

19. MI Realty, LLC (Plaintiff) is, and was at the time this action was filed, a Texas limited liability company whose citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Texas Secretary of State records show that MI Realty's members are Belen Ortiz, Claudia Ortiz, and Jose Ortiz, each of whose address is listed as 7341 La Manga

Drive, Dallas, Texas 75248. Therefore, all three Ortizes are individual citizens of the State of Texas. For diversity purposes, MI Realty is a Texas citizen.

20.    Atlantic Casualty (Defendant) is an insurance company whose citizenship is determined by both its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Atlantic Casualty formed under North Carolina law, and it maintains its principal place of business in Goldsboro, North Carolina. For diversity purposes, Atlantic Casualty is a North Carolina citizen.

**B. A case or controversy exists in an amount exceeding $75,000.00, exclusive of costs and interest.**

21.    A case or controversy exists because the parties "disagree on the value of the Property" and the "two selected appraisers cannot agree on selection of an umpire." *See* Original Petition at ¶ 4, Exhibit B. *See also Martinez v. Nationwide Gen. Ins. Co.*, 3:19-CV-01541-X, 2020 WL 3606399, at *4 (N.D. Tex. July 2, 2020) (naming amount of actual damages as an issue in dispute or controversy in the case); *Rogers v. Nationwide Gen. Ins. Co.*, 4:18-CV-00213, 2018 WL 3840940, at *3 (E.D. Tex. Aug. 13, 2018) (quoting and citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 408–410 (Tex. 2011)) (holding there is a mutual understanding that parties will not negotiate further, *i.e.* an "impasse," when parties disagree on settlement amounts and any further attempts to negotiate are futile)).

22.    The appraiser appointed by MI Realty's PA Lamont, namely HCS, asserts estimated damages of $3,112,430.44. Hence, the amount in controversy in this action, exclusive of costs and interest, exceeds the threshold for diversity jurisdiction

and removal. 28 U.S.C. § 1332(a); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## IV.
## CONCLUSION

23.     There are no orders signed by the state-court judge. Per 28 U.S.C. § 1446(a) and N.D. TEX. R. 81.1, Atlantic Casualty submits the following documents with this notice of removal:

(1) a completed and supplemental civil cover sheet;
(2) an index of all documents that clearly identifies each document and indicates the date that the document was filed in state court;
(3) a copy of the docket sheet in the state-court action;
(4) each document filed in the state-court action; and
(5) a separately signed certificate of interested persons that complies with N.D. TEX. R. 3.1(c) or 3.2(e).

24.     For these reasons, Atlantic Casualty Insurance Company respectfully requests that this Court remove this action from the 68th District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

Camille Johnson
State Bar No. 10686600
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com
**Counsel for Defendant Atlantic Casualty Insurance Company**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing on February 19, 2021, with the Clerk of Court via the CM/ECF System, which will send notification to all counsel of record.

Edward S. Cox
Mary R. Torres
COX LAW FIRM
1300 Norwood Drive, Suite 100
Bedford, Texas 76022
**Counsel for Plaintiff MI Realty, LLC**

_Camille Johnson_

Camille Johnson