IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MI REALTY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-cv-00368-L** |
| | § | |
| ATLANTIC CASULATY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed March 18, 2021. After carefully reviewing the motion, Defendant's response, the record in this case, and applicable law, the court **grants** Plaintiff's Motion to Remand, **remands** the action to the 68th Judicial District Court, Dallas County, Texas, from which it was removed, and **directs** the clerk of the court to effect the remand in accordance with the usual procedure.

**I.   Factual and Procedural Background**

On January 20, 2021, Mi Realty, LLC ("Plaintiff" or "Mi Realty") brought this action against Atlantic Casualty Insurance Company ("Defendant" or "Atlantic Casualty") in the 68th Judicial District Court, Dallas County, Texas (Case No. DC-21-00861). Plaintiff does not allege any causes of action. Instead, Plaintiff seeks only the appointment of an umpire to determine the amount of loss relating to its two buildings located at 2939 Anode Lane and 2955 Anode Lane in Dallas, Texas. Prior to the state court action, Mi Realty filed a claim with Atlantic Casualty, its insurer, regarding damages sustained to its buildings. Def.'s Notice of Removal (Doc. 1). Plaintiff's appraisers estimate the total replacement cost value to be $3,112,430.44. *Id.* ¶ 15. On the other hand, Defendant's appraisers estimate the total replacement cost value to be $77,296.12.

*Id.* ¶ 16. Pursuant to the terms of its policies, Plaintiff brought the state court action requesting a judge, or a court having jurisdiction, appoint a neutral umpire to determine the amount of loss. Pl.'s App. to Appoint Umpire (Doc. 2-2).

Atlantic Casualty timely removed this action from state court to this court on February 19, 2021, on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332. Mi Realty then filed a Motion to Remand asserting lack of subject matter jurisdiction. Specifically, Plaintiff argues the amount in controversy does not exceed $75,000.

## II.     Applicable Law

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter

jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

## III.   Motion to Remand

Plaintiff contends that removal of this action was improper based on diversity jurisdiction because there is no amount in controversy, let alone an amount that exceeds $75,000. Diversity of citizenship between the parties is not at issue here. The parties disagree only as to the amount in controversy.

### A. Amount in Controversy

Normally, for diversity purposes, the sum claimed by a plaintiff controls the court's "amount in controversy" analysis, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount or the plaintiff cannot recover the jurisdictional amount. *See, e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in

controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount," and the court may rely on "'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.

Here, Plaintiff does not request damages or monetary relief in its pleading initiating the state court action. Indeed, Plaintiff's pleading is devoid of a statement outlining the amount of monetary relief sought. Plaintiff's pleading is also so "threadbare" and lacking in substance that the court cannot determine the amount in controversy. Defendant, nevertheless, contends that the amount is controversy is satisfied and removal was proper because the difference between the estimated total replacement cost value by each party's appraisers is $2,335,134.32—well over the $75,000 jurisdictional threshold. The court disagrees.

The appointment of an umpire by Plaintiff is declaratory or *sui generis* in nature. In actions for declaratory or injunctive relief, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance*, 134 F.3d at 1253 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)) (internal quotation omitted). In support of its position that the amount-in-controversy requirement is met, Defendant attaches the referenced appraisals and relies on a litany of cases, some of which compare appointing an umpire to compelling arbitration. For example, Defendant cites *Webb v. Investacorp, Inc.* wherein the Fifth Circuit affirmed the district court's denial of a motion to remand based on the amount in controversy being determined by the "amount of the potential award in the underlying arbitration proceeding." 89 F.3d 252, 257 (5th Cir. 1996). An arbitration, however, is distinct from an insurance appraisal. *See Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061-62 (5th Cir. 1990) (citing *Southeast Nursing Home, Inc. v. St. Paul Fire & Marine Ins. Co.*, 750 F.2d 1531, 1537 (11th Cir. 1985)).

> While both procedures aim to submit a dispute to a third party for speedy and efficient resolution without recourse to the courts, there are significant differences between them. For example, an arbitration agreement may encompass the entire controversy between parties or it may be tailored to particular legal or factual disputes. In contrast, an appraisal determines only the amount of loss, without resolving issues such as whether the insurer is liable under the policy.

**Memorandum Opinion and Order - Page 5**

*Id*.

It follows, then, that the appointment of an arbitrator, who is expected to preside over an arbitration, is distinct from the appointment of an umpire, who is tasked only with determining the amount of a loss, which the parties still may legally object. Said another way, the umpire is not tasked with determining liability on the amount of loss it ultimately decides upon. Instead, the umpire will determine only the amount of a loss, and, upon determining the amount of the loss, Defendant may deny the claim likely resulting in dispute where the amount in controversy can be measured by the "injury to be prevented." *St. Paul Reinsurance*, 134 F.3d at 1253. That eventual dispute is not the basis of the action before the court now. Therefore, the umpire's anticipated valuation cannot be the measure of the amount in controversy because there is no present "right to be protected" or "injury to be prevented." *St. Paul Reinsurance*, 134 F.3d at 1253.

The Fifth Circuit has not addressed the determination of an amount in controversy in actions seeking the appointment of an umpire for an appraisal. Moreover, cases within the Fifth Circuit vary. *See Church Mut. Ins. Co. v. New Home Full Gospel Ministries*, No. CV 06-5633, 2007 WL 9780601, at *2 (E.D. La. Apr. 5, 2007) (finding *Webb* analogous to appointing an umpire to settle an appraisal dispute and denying motion to remand because the amount in controversy "equals the amount at issue under the insurance policies."); *Liberty Mut. Grp. Inc. v. Mayes*, No. 5:20-CV-00967, 2020 WL 5881826, at *2 (W.D. La. Sept. 15, 2020), *report and recommendation adopted*, No. 20-CV-967, 2020 WL 5880965 (W.D. La. Oct. 2, 2020) (acknowledging the Fifth Circuit has not addressed the issue of determining the amount in controversy in actions seeking the appointment of an umpire for an appraisal, but recommending denial of the Rule 12(b)(1) motion because, after applying *Webb*, the total amount disputed under the insurance policy exceeds $75,000); *but see Treasure Star Props. Fund, Inc. v. Admiral Ins. Co*., No. 4:12-CV-462-Y, 2013

WL 12114861, at *2 (N.D. Tex. Apr. 1, 2013) (granting, without analysis, motion to remand after concluding the only relief sought was the appointment of an umpire to settle an appraisal dispute and not damages); Order, *Franklin, et al. v. Allstate Ins. Co.*, No. 1:12-cv-00016-C (N.D. Tex. Mar. 12, 2012, ECF No. 10) (relying on *Webb* to distinguish pleadings seeking to compel arbitration from pleadings seeking to appoint an umpire and granting motion to remand a case seeking the appointment of an umpire to settle an appraisal issue).

Finally, Atlantic Casualty also argues that Mi Realty's prayer seeking "all other and further relief" means this catchall phrase seeks the ultimate value of loss that will be determined by the umpire. The court disagrees. Plaintiff's initiating pleading seeking the appointment of an umpire does not contain any causes of action nor does it seek to have the eventual determination enforced against Defendant. Instead, Plaintiff complies with Rule 47 of the Texas Rules of Civil Procedure by requesting "all the other relief to which the party deems himself entitled." Tex. R. Civ. P. 47(d).

Because the case law is not clear on the issue of determining the amount in controversy for actions that seek only the appointment of an umpire to settle an insurance appraisal dispute and Defendant has not established Plaintiff is seeking a declaration that Defendant be liable for the eventual determination by the umpire, the court resolves this matter in favor of remand. *See Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." (quoting *In re Hot–Hed, Inc*., 477 F.3d 320, 323 (5th Cir. 2007)) (internal quotation omitted).

## IV.     Conclusion

For the reasons set forth herein, Atlantic Casualty has failed to meet its burden that the amount in controversy exceeds $75,000, and the court **lacks** diversity jurisdiction to hear this action. Accordingly, the court **remands** this action to the 68th Judicial District Court, Dallas County, Texas, from which it was removed. The clerk of court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 8th day of March, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge